1  Shana Lazerow (State Bar No. 195491)
   Communities for a Better Environment
2  1440 Broadway Suite 701
   Oakland, California  94612
3  Telephone:  (510) 302-0430
   Facsimile:  (510) 302-0438
4  Email:  slazerow@cbecal.org

5  Attorneys for Plaintiff
   COMMUNITIES FOR A BETTER ENVIRONMENT
6
   Robert Ukeiley (Kentucky State Bar No. 90056)
7  Pro Hac Vice
   LAW OFFICE OF ROBERT UKEILEY
8  435R Chestnut Street, Suite 1
   Berea, KY 40403
9  Telephone: (859) 986-5402
   Facsimile: (866) 618-1017
10 Email: rukeiley@igc.org
   Attorney for Plaintiffs
11 COMMUNITIES FOR A BETTER ENVIRONMENT,
   ROCKY MOUNTAIN CLEAN AIR ACTION,
12 COALITION FOR A SAFE ENVIRONMENT, and
   PHYSICIANS FOR SOCIAL RESPONSIBILITY-LOS ANGELES
13
   Pamela S. Tonglao
14 United States Department of Justice
   Environmental Defense Section
15 P.O. Box 23986
   Washington, D.C. 20026
16 Telephone: (202) 305-0897
   Facsimile:  (202) 514-8865
17 Email:  Pamela.tonglao@usdoj.gov
   Attorney for Defendants
18 UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
   AND STEPHEN L. JOHNSON, ADMINISTRATOR

19           **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
20              **SAN FRANCISCO DIVISION**

21                                          Case No. C 07-3678 JSW
   COMMUNITIES FOR A BETTER
22 ENVIRONMENT, ROCKY MOUNTAIN
   CLEAN AIR ACTION, COALITION FOR
23 A SAFE ENVIRONMENT, and                  Joint case management statements
   PHYSICIANS FOR SOCIAL
24 RESPONSIBILITY-LOS ANGELES,
                 Plaintiffs,
25                 v.

26 UNITED STATES ENVIRONMENTAL
   PROTECTION AGENCY and STEPHEN L.
27 JOHNSON, as Administrator of the United
   States Environmental Protection Agency
28
                 Defendant

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

Jurisdiction is based on 42 U.S.C. § 7604(a) and 28 U.S.C. § 1331.  No issues exist over personal jurisdiction or venue and all parties have been served.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

EPA has identified carbon monoxide (CO) as a "criteria pollutant" under Section 108(a) of the Clean Air Act, 42 USC § 7408(a).  Section 109(d) of the Clean Air Act, 42 U.S.C. § 7409(d), requires EPA to review at five-year intervals the air quality criteria and the NAAQS for a criteria pollutant, and to make such revisions in such criteria and standards and promulgate such new standards as may be appropriate.  [Primary standards must be established at levels "the attainment and maintenance of which, in the judgment of the Administrator, based on [the air quality] criteria and allowing an adequate margin of safety, are requisite to protect health" while secondary standards are established to protect the public welfare.  42 U.S.C. § 7409(b).]

EPA first set primary and secondary CO NAAQS in 1971 at nine parts per million (ppm) over an eight-hour averaging time and 35 ppm over a one-hour averaging time.  36 Fed. Reg. 8186 (April 30, 1971).  EPA released an Air Quality Criteria Document for CO in 1979 and, in 1980, a proposal to retain the 8–hour primary standard, revise the 1-hour primary standard, and revoke the primary standard.  45 Fed. Reg. 55,066 (Aug. 18, 1980).  EPA issued an addendum to the Air Quality Criteria Document in 1984 and solicited additional public comment on the proposed standards.  In 1985, EPA announced its final decision not to revise the primary standard and to revoke the secondary standard.  50 Fed. Reg. 37,484 (Sept. 13, 1985).  In 1990, EPA released an Air Quality Criteria Document, and in 1994 EPA announced its decision that no revision of the CO NAAQS was required. 59 Fed. Reg. 38,906 (Aug. 1, 1994).  In 2000, EPA released an Air Quality

Criteria Document, but EPA did not complete a review of the NAAQS based on those criteria. Thus, it has been more than 5 years since EPA completed a review of the air quality criteria and the NAAQS for CO.

In a letter dated April 26, 2007, Plaintiffs provided notice of Defendants' violations of the Act, and of their intention to file suit against Defendants pursuant to section 304(b)(2) of the Act, 42 U.S.C. § 7604(b)(2). On July 17, 2007, Plaintiffs filed this case.

On Sept. 13, 2007, EPA published a "call for information" seeking new scientific studies to form the basis for an Integrated Scientific Assessment (which was formerly called an Air Quality Criteria Document). 72 Fed Reg. 52,369 (Sept. 13, 2007).

The principal factual issue in the case will be what is a reasonable schedule for Defendant to review and revise as appropriate the CO air quality criteria, which Defendant now refers to as an Integrated Science Assessment, and the CO NAAQS.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The parties are in agreement that Defendant has failed to timely perform a nondiscretionary duty. The principal legal issue will be whether the court has equitable power to require interim deadlines for tasks not statutorily required as part of the order setting a deadline for Defendant to completes its review, and such revisions as may be appropriate, of the air quality criteria and NAAQS. Plaintiffs believe that the Court has equitable power to impose interim deadlines. See e.g. Sierra Club v. Johnson, 444 F. Supp. 2d 46, 52 (D.D.C. 2006) quoting NRDC v. Train, 510 F.2d 692, 705 (D.C. Cir. 1974).

Another legal issue may be the level of deference the Court owes Defendant regarding designing an appropriate remedy. Plaintiffs believe the Court owes Defendant no deference regarding designing a remedy to come into compliance with a Congressionally mandated deadline. See e.g. Sierra Club, 444 F. Supp. 2d at 56.

1

2
4. Motions: All prior and pending motions, their current status, and any anticipated
3
motions.

4
        There are no pending motions.  The parties anticipate filing **cross-**motions for
5
summary judgment to resolve the issue of an appropriate remedy as Defendant has
6
already acknowledged that it has failed to timely perform a nondiscretionary duty.
7

8
5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected
to be added or dismissed and a proposed deadline for amending the pleadings.
9

10
        The parties do not believe the pleadings will need to be amended.

11
6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues
reasonably evident in this action, including interdiction of any document-destruction
12
program and any ongoing erasures of e-mails, voice mails, and other electronically-
recorded material.
13

14
        The parties do not believe any evidence needs to be preserved.

15
7. Disclosures: Whether there has been full and timely compliance with the initial
disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.
16

17
        The parties do not believe initial disclosures are necessary in this case.

18
8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any
proposed limitations or modifications of the discovery rules, and a proposed discovery
19
plan pursuant to Fed. R. Civ. P. 26(f).

20
        The parties do not believe that discovery is necessary in this case.

21
9. Class Actions: If a class action, a proposal for how and when the class will be certified.
22
N/A
23

24
10. Related Cases: Any related cases or proceedings pending before another judge of this
court, or before another court or administrative body.

25
        Plaintiffs believe there are several other deadline suits regarding NAAQS for
26
other pollutants in the compliance phase of their litigation.  They are:
27

28
Missouri Coalition for the Environment v. Johnson, 04cv660 (EDMo)(Lead NAAQS)

American Lung Association v. Horinko, 03-778 (DDC)(Ozone and PM NAAQS)
Center for Biological Diversity v. Johnson, 05-1814 (DDC)(SOx and NOx NAAQS)

Defendant believes there are no related cases within the meaning of L.R. 3-12(b).

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiffs are seeking injunctive relief and costs of litigation, including attorneys' and expert fees.  Plaintiffs are seeking an injunction with a schedule that contains specific dates for the completion of interim and final steps and publication of notice of these steps in the federal register.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

This case is a deadline suit for a specific, complex nondiscretionary duty of EPA. Counsel involved in this case are very familiar with the strengths and weaknesses of their case and the positions of the other parties. Therefore, the parties do not believe that ADR will be helpful.  The parties have already exchanged a written settlement offer and written counter-settlement offer and had a settlement conference call.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The parties have not consented to a Magistrate Judge for all purposes.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

N/a

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Based on the pleadings, liability is not at issue.  The parties believe that the remaining issues in the case should be resolved in two sequential phases.  The first phase would address remedy, and the second phase would address fees and costs.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

The parties suggest that this case can be handled expeditiously in accordance with the schedule set forth in paragraph 17.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties suggest the following schedule for cross-motions for summary judgment:

Nov. 16, 2007  Plaintiffs' motion for summary judgment
Dec. 7, 2007   Defendants' opposition and cross-motion for summary judgment
Jan. 4, 2008   Plaintiffs' reply in support of motion for summary judgment and
               opposition to Defendants' cross-motion for summary judgment
Jan. 25, 2008  Defendants' reply in support of cross-motion for summary judgment
Feb. 8, 2008   Hearing on cross-motions for summary judgment

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

N/A

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any

1    other kind of interest that could be substantially affected by the outcome of the
2    proceeding.

3         Plaintiffs do not know of any entity with an interest in the subject matter of this
4    case or could be substantially affected by the outcome of the proceeding except Plaintiffs
5    and their counsel.  Plaintiffs note, however, that in the literal sense, every person present
6    in the United States is substantially affected by the outcome of this proceeding as it has to
7    do with the timing of the review and possible revision of National Ambient Air Quality
8    Standards.

9
10   20. Such other matters as may facilitate the just, speedy and inexpensive disposition of
     this matter.

11        None.

12
13                              Respectfully submitted,

14
15                              /s Shana Lazerow
                                _____
16                              Shana Lazerow (State Bar No. 195491)
                                Communities for a Better Environment
17                              1440 Broadway Suite 701
                                Oakland, California  94612
18                              Telephone:  (510) 302-0430
                                Facsimile:  (510) 302-0438
19                              Email:  slazerow@cbecal.org

20                              Attorneys for Plaintiff
                                COMMUNITIES FOR A BETTER
21                              ENVIRONMENT

22                              Robert Ukeiley (KY State Bar No. 90056)
                                Pro Hac Vice
23                              LAW OFFICE OF ROBERT UKEILEY
                                435R Chestnut Street, Suite 1
24                              Berea, KY 40403
                                Telephone: (859) 986-5402
25                              Facsimile: (859) 986-1299
                                Email: rukeiley@igc.org

26                              Attorney for Plaintiffs
                                COMMUNITIES FOR A BETTER
27                              ENVIRONMENT,
                                ROCKY MOUNTAIN CLEAN AIR ACTION,
28                              COALITION FOR A SAFE ENVIRONMENT, and

1

2

PHYSICIANS FOR SOCIAL RESPONSIBILITY-
LOS ANGELES

3

Dated:  October 19, 2007

s/Pamela S. Tonglao
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone:  (202) 305-0897
Facsimile:  (202) 514-8865
Email: pamela.tonglao@usdoj.gov
Attorney for Defendants
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY AND STEPHEN L.
JOHNSON, ADMINISTRATOR

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28