UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT and JACK and LESLIE WARDEN,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:04CV00660 ERW<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion for Partial Relief from Judgment [doc. #52]. A hearing was held on August 17, 2007, and the Court heard arguments from the parties on the Motion.

This action was brought by Plaintiffs, pursuant to the Clean Air Act, 42 U.S.C. § 7604(a)(2), to compel Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA") to review and, if appropriate, revise the existing air quality criteria and national ambient air quality standards for lead, pursuant to § 109(d) of the Clean Air Act, 42 U.S.C. § 7409(d).

On September 14, 2005, this Court established a schedule for the EPA's review of the air quality criteria and national ambient air quality standards ("NAAQS") for lead. The EPA requests, pursuant to Rule 60(b)(6), that the Court modify its Order, mandating the EPA to finalize a staff paper, by November 1, 2007. The EPA states that it will no longer issue a policy

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

assessment in the form of a staff paper, but will instead issue a policy assessment in the form of an advance notice of proposed rulemaking. The EPA requests a new intermediate deadline of November 30, 2007. The EPA states that the new deadline will not prejudice Plaintiffs.

Plaintiffs oppose the Motion, arguing that the EPA has presented no exceptional circumstances for the modification it seeks. Plaintiffs further argue the prejudice to Plaintiffs is irrelevant because under Rule 60(b)(6), the relevant inquiry is whether there are exceptional circumstances of prejudice to the EPA, not to Plaintiffs.[1]

Rule 60(b) permits a district court, upon a party's motion made within a reasonable time, to grant relief from a final judgment on six proscribed grounds. In support of its Motion, Defendant relies on Rule 60(b)(6), which provides that the court may relieve a party from a final judgment for "any ... reason justifying relief from the operation of judgment." The Eighth Circuit Court of Appeals makes clear that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). The Court agrees with Plaintiffs that, in this case, the EPA's voluntary decision to change its NAAQS review process does not rise to the level of an exceptional circumstance, warranting relief under Rule 60(b). *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) (Rule 60(b) cannot relieve proponent of free, calculated and deliberate choices).

---

[1] The Plaintiffs further point out that the EPA's revised NAAQS review process has been highly criticized on the grounds that "it slights the role of seasoned, objective scientists in developing health-based standards in favor of a larger role of politically-appointed agency officials." Pls.' Mem. in Opp'n to Def.'s Mot. at 7. However, as Plaintiffs recognize in their brief, the merits of the EPA's revised NAAQS process or the right of EPA to change its review process is not appropriately decided in a Rule 60(b) motion .

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court further observes that in its September 14 Order, in response to the EPA's implicit suggestion that it would likely seek extensions and modifications of the court-ordered schedule, if the EPA's proposed schedule were not adopted, the Court stated: "the schedule was a realistic timetable for completing the various tasks associated with a NAAQS review. Thus, the Court will not be inclined to grant extensions, absent a showing of good cause." Sept. 14 Order at 8 (citing *Maine Ass'n of Handicapped Persons of Portland, Me. v. Dole*, 623 F. Supp. 920, 926 (D.C. Me. 1985) (in an action for injunctive relief the Court held that it "is not prepared to sit by and condone the Secretary's unimaginably leisurely pace in performing her functions while the Plaintiffs' class awaits implementation of the will of Congress.")). As discussed above, the EPA has failed to carry its burden of showing good cause for modifying the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Relief from Judgment [doc. #52] is **DENIED**.

Dated this 24th day of August, 2007.

_E. Richard Webber_
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com